IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| Bion Environmental Technologies, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No._____ |
| | ) | |
| John Doe, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| <biontech.com>, | ) | |
| | ) | |
| Defendants. | ) | |

<u>Verified Complaint</u>

Comes Now the Plaintiff, Bion Environmental Technologies, Inc. (hereinafter Bion

Environmental), by and through its counsel, and files this complaint against John Doe (Defendant

Doe) and <biontech.com> (the Defendant Domain Name).

I.  <u>Nature of The Suit</u>

1.      The Plaintiff's claims in this action involve the theft of intellectual property by

computer hacking, commonly referred to as "domain name theft."  To recover its valuable

intellectual property, the Plaintiff asserts *in rem* claims pursuant to the Anticybersquating

Consumer Protection Act, 15 U.S.C. § 1125(d), the Declaratory Judgment Act, 28 U.S.C. § 2201

and Virginia common law, and *in personam* claims pursuant to the Computer Fraud and Abuse

Act, 18 U.S.C. § 1030, the  Electronic Communications Privacy Act, 18 U.S.C. § 2701, 2707,

and Virginia common law arising from the unauthorized access to Bion Environmental's secured

registrar account and the unauthorized transfer and theft of the  <biontech.com> domain name.

2.      The Plaintiff is seeking injunctive and other equitable relief as a result of the actions of the Defendant John Doe who somehow gained unauthorized access to the Plaintiff's registrar account on a protected computer, and used this access to transfer control of the Defendant Domain Name <biontech.com> from the Plaintiff's account and therefore disabled the Plaintiff's ability to use and control its domain name causing irreparable injury to the Plaintiff.

II.  The Parties

3.      The Plaintiff, Bion Environmental Technologies, Inc., is a corporation with a principal place of business located at 9 East Park Court, Old Bethpage, New York, 11804.  The Plaintiff corporation has been publically traded, under the ticker symbol BNET, on the OTC market since 1993.

4.      Upon information and belief John Doe is an individual, although his true identify is unknown as the defendant is using a privacy service and fictitious names to conceal his identity.

5.      The Defendant Domain Name is a <.com> domain name for which the Registry, Verisign, Inc., is located at 21355 Ridgetop Circle, Lakeside III, Dulles, Virginia 20166 within this Court's judicial district.

III. Jurisdiction and Venue

6.      This actions arises out of Defendant Doe's violation of the Anticybersquating Consumer Protection Act, 15 U.S.C. § 1125(d), the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, the  Electronic Communications Privacy Act, 18 U.S.C. § 2701, 2707, and Virginia common law claims all arising out of the same set of operative facts.

7.     This Court has original jurisdiction pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a) and has *in rem* jurisdiction over the Defendant Domain Name pursuant to 15 U.S.C. § 1125(d)(2)(A) insofar as the registry for the <.com> domain names, Verisign, Inc., is located within this judicial district.  This Court has jurisdiction over the remaining claims set forth pursuant to 28 U.S.C. § 1367 as all of the claims arise out of the same set of operative facts and form part of the same case and controversy.

8.     Venue is proper in this district pursuant to 15 U.S.C. § 1125(d)(2)(C) as the subject registry, Verisign, Inc. has its principal place of business in this judicial district.  Venue is further proper pursuant to 28 U.S.C. § 1391(b)(2) as the subject of the action resides in this judicial district.

9.     Defendant John Doe directed the acts complained of towards the district and utilized instrumentalities in the district in that he gained unauthorized access to the Plaintiff's domain regisrar account and associated computer records and thereafter, without authorization, caused the domain name registration records maintained by Verisign, Inc. for the Defendant Domain Name to be altered so as to transfer control of the Defendant Domain Name away from the Plaintiff.

10.     The Declaratory Judgment Act, 28 U.S.C. § 2201 provides for a declaration of the rights of the Plaintiff in this matter.

IV.  Factual Background

11.     The Plaintiff acquired <biontech.com> on or about May 29, 1998, renewed its registration to May 28, 2022 and has, since acquisition, used the domain in commerce.  (See Exhibit 1, WhoIs Record, April 18, 2021.)

12.     The Plaintiff has used <biontech.com> in commerce since creation in 1998 to promote its business, for business email and marketing and to build global customer and investor relationships.  (See Exhibit 2a through 2e, web page screen shots, 1999-2003; see also Exhibit 3, web page screen shots 2004 through 2018.)[1]

13.     At some point on or about May 6, 2021 Defendant Doe somehow gained access to the Plaintiff's domain name registrar account and transferred <biontech.com> away from the Plaintiff's control.  The WhoIs record for <biontech.com> dated May 7, 2021 lists the domain status as "pending transfer," a change in status that the Plaintiff did not authorize.  (See Exhibit 4, WhoIs Record, May 7, 2021.)

14.     At some point between May 6, 2021 and May 13, 2021, Defendant Doe changed the Registrant name, without the Plaintiff's authorization, to "GDPR Masked," with a country code for China and a registrant's email as "gdpr-masking@gdpr-masked.com."  (See Exhibit 5, WhoIs Record, May 13, 2021.)

15.     At some point between May 13 and July 17, 2021, Defendant Doe changed the Registrant name, without the Plaintiff's authorization, to a blank entry in Kylvska in the Ukraine. (See Exhibit 6, WhoIs Record, July 17, 2021.)  At some point between July 17, 2021 and August 18, 2021, Defendant Doe again changed the Registrant information, without the Plaintiff's authorization, to show a location in Guangdong, China leaving the Registrant name blank.  (See Exhibit 7, WhoIs Record, August 18, 2021.)  As of September 9, 2021 the Registrant organization is listed as "repossessed by Go Daddy," which change the Plaintiff did not authorize.  (See Exhibit 8, WhoIs Record, September 9, 2021.)

---

[1]  See also https://web.archive.org/web/*/http://www.biontech.com/ (showing 343 examples of the Plaintiff's web page from 1999 through 2021.

16.     The Plaintiff did not authorize any of the changes to the Registrant information to its domain name, <biontech.com>.

17.     Upon information and belief, Defendant Doe effected the above referenced changes to the Registrant information for the Defendant Domain Name by accessing, without authorization, the Plaintiff's registrar account on a secured computer system.

18.     The changes made by Defendant Doe to the Registration to the Plaintiff's domain name, <biontech.com>, have caused substantial and ongoing damage to the Plaintiff's business, has denied the Plaintiff access to its website and emails resulting in severe business disruptions which have harmed, and are continuing to harm, the Plaintiff's business as well as its value and its investors.

19.     The Plaintiff has used the website associated with its domain name, <biontech.com> continually since 1998 for its business purpose, the domain name is extremely valuable and its loss has deprived the Plaintiff of the ability to operate its business, its website or its email.  The Defendant Domain Name has been the Plaintiff's primary online business presence and it worth approximately $1,500,000 or more.

20.     The Plaintiff manages its domain name portfolio through a secure domain name registrar account.

21      Defendant Doe somehow gained unauthorized access to the Plaintiff's secure domain name registrar account on a protected computer system, altered the records on such protected computer system, and transferred control of the Defendant Domain Name away from the Plaintiff.

22.     Defendant Doe gained the unauthorized access to the Plaintiff's secure domain name registrar account with the intent to defraud the Plaintiff of the Defendant Domain Name and, as a result of such conduct obtained control of the Defendant Domain Name valued at approximately $1,500,000 or more.

23.     Defendant Doe used the hijacked control of the Plaintiff's secure domain name registrar account to take control of the Defendant Domain Name.

24.     Defendant Doe used the hijacked control of the Plaintiff's secure domain name registrar account to take transfer the Defendant Domain name away from the Plaintiff's control.

25.     Upon information and belief, Defendant Doe has taken control of the Defendant Domain Name with the intent to resell the Defendant domain Name to unlawfully enrich Defendant Doe.

26.     Defendant Doe's registration and use of the Defendant Domain Name is without the Plaintiff's authorization.

27.     Defendant Doe has provided misleading or incomplete contact information in the Domain Name Registration, has concealed his true identity by leaving the name of the registrant blank, using false name(s) and using privacy protection to conceal his identity.

28.     Defendant Doe has no intellectual property rights in the Defendant Domain Name

29.     Defendant Doe's actions are in violation of the aforementioned rights of the Plaintiff.

IV.  Notice

30.    Pursuant to the Anticybersquating Consumer Protection Act, 15 U.S.C. §
1125(d)(2)(A)(ii)(II)(aa), notice of this filing of this complaint is being sent to the Defendant at
the email addresses only as no postal addresses are provided on the WHOIS records[2] as set forth
above, along with a request to waive service pursuant to Federal Rule of Civil Procedures 4(d).

31.    The Plaintiff is providing such notice contemporaneously with the filing of this
Complaint.  Pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb), the Plaintiff will promptly publish
notice of this action as the Court may direct after filing of this Complaint.

32.    This Court's jurisdiction over the additional claims are proper pursuant to 15
U.S.C. § 1125(d)(3) and (4).

33.    Joinder of the Defendant Domain Name is proper under Federal Rule of Civil
Procedure 20(a)(2) in that the claims set forth herein arise out of the same set of operative facts
and the questions of law are common as to all claims and Defendants.

VI.  Causes of Action

Count I
Claim for Declaratory Judgment

34.    The Plaintiff repeats and realleges the previous paragraphs as if set forth in full.
Plaintiff registered the Defendant Domain Name as alleged above and has, since that time,
maintained uninterrupted control over the Defendant Domain Name.

---

[2]  Out of an abundance of caution and to ensure proper notice, the Plaintiff is sending
notice of this action to each of the email addresses listed on the WhoIs Records, exhibits 4
through 8 but, as there are no mailing addresses listed, cannot send notice by U.S. Mail.

35.     Defendant Doe's actions have taken control of the Defendant Domain Name from Plaintiff without authorization or permission.

36.     The Declaratory Judgment Act, 28 U.S.C. § 2201, provides for a declaration of the rights of the Plaintiff in this matter.

Count II
Anticybersquating Consumer Protection Act (ACPA)
15 U.S.C. § 1114(2)(d)

37.     The Plaintiff repeats and realleges the previous paragraphs as if set forth in full. The Plaintiff has owned the Defendant Domain Name for many years, has used it in commerce to generate substantial income and has common law rights in the mark.

38.     Defendant Doe's actions constitute registration, trafficking, or use of a domain name that is identical to the Plaintiff's trademark, with bad faith intent to profit therefrom.

39.     The Plaintiff, because of Defendant Doe's actions, is being prevented from using and exercising control over the Defendant Domain Name.

40.     The Plaintiff is being harmed through the loss of income, loss of business and loss of business opportunities unless enjoined.

41.     The Plaintiff's business reputation and standing is at risk from posting of improper, illegal, incorrect or otherwise harmful information on the web pages associated with its domain name.

42.     The Plaintiff, despite diligent inquiry, has been unable to obtain the accurate identity of a person subject to this Court's jurisdiction who would have been a defendant in a civil action pursuant to 15 U.S.C. § 1125(d)(2)(A)(i)(I).

43.     The above described conduct of Defendant Doe, registrant of the Defendant Domain Name, constitutes unlawful cybersquating in violation of the Anticybersquating Consumer Protection Act, 15 U.S. C. § 1125(d)(1).

44.     The above described conduct by Defendant Doe has caused, and is causing, great and irreparable harm to the Plaintiff and the public, specifically the potential posting of improper, illegal, incorrect or otherwise harmful information on the web page associated with its domain name.  Unless permanently enjoined by this Court, said irreparable harm will continue. Accordingly, pursuant to 15 U.S. C. § 1125(d)(2)(D)(I), the Plaintiff is entitled to an order transferring the registration of the Defendant Domain Name to the Plaintiff.

Count III
Tortuous Interference with Contractual Relationship

45.     The Plaintiff repeats and realleges the previous paragraphs as if set forth in full. The Plaintiff properly entered into a contract with the registrar for the Defendant Domain Name before the Defendant Domain Name was stolen.

46.     Defendant Doe has unlawfully taken control of the Defendant Domain Name, interfering with Plaintiff's lawful contract rights to the Defendant Domain Name.

47.     As a result of the Defendant's acts, the Plaintiff has been damaged and will continue to be damaged.  The Plaintiff requests that this Court declare Defendant liable for its past and any future losses in association with the registration service contract.

Count IV
Conversion

48.     The Plaintiff repeats and realleges the previous paragraphs as if set forth in full. Plaintiff has property rights in the Defendant Domain Name.

49.     Defendant Doe has taken control of the Defendant Domain Name and is wrongfully exercising control and authority over the Defendant Domain Name.

50.     The control and authority exercised by Defendant Doe deprives the Plaintiff of control and the income and business generated from the Defendant Domain Name.

51.     Defendant Doe is wrongfully exerting dominion over the Plaintiff's property in denial of its rights.

Count V
Violation of the Computer Fraud and Abuse Act

52.     The Plaintiff repeats and realleges the previous paragraphs as if set forth in full.

53.     Defendant Doe knowingly and intentionally accessed the Plaintiff's domain name registrar system on a protected computer without authorization and thereby obtained information from the protected computer in a transaction involving an interstate or foreign communication in violation of 18 U.S.C. § 1030(a)(2)(C).

54.     Defendant Doe knowingly, and with intent to defraud, accessed the Plaintiff's domain registrar account on a protected computer without authorization and obtained information from that computer which Defendant Doe used to further a fraud and obtain something of value in violation of 18 U.S.C. § 1030(a)(4).

55.     Defendant Doe intentionally accessed the Plaintiff's domain registrar system on a protected computer without authorization and as a result of such conduct caused damage and loss in violation of 18 U.S.C. § 1030(a)(5)(C).

10

56.     The Plaintiff has suffered damages as a result of the conduct complained of and such conduct has caused a loss to the Plaintiff during a one-year period aggregating to at least $5,000.

57.     As a direct result of the actions complained of, the Plaintiff has suffered, and continues to suffer, irreparable harm for which the Plaintiff has no adequate remedy at law and which will continue unless enjoined.

Count VI
Violation of the Electronic Communication Privacy Act

58.     The Plaintiff repeats and realleges the previous paragraphs as if set forth in full.

59.     Upon information and belief, Defendant Doe intentionally accessed electronic communications, without authorization, sent by the Plaintiff's domain name registrar to the Plaintiff seeking approval for the transfer of the Defendant Domain Name.

60.     Upon information and belief, Defendant Doe obtained such electronic communications and prevented the Plaintiff's access to such electronic communications while the communications were in electronic storage.

61.     Defendant Doe engaged in such actions knowingly and intentionally in violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2701 *et seq*.

62.     The Plaintiff has suffered damages as a result of the conduct complained of including loss of the Defendant Domain Name and is entitled to injunctive relief, actual, statutory and/or punitive damages and attorney fees pursuant to Electronic Communications Privacy Act.

Count VI
Quiet Title

63.     The Plaintiff repeats and realleges the previous paragraphs as if set forth in full.

64.     The Plaintiff has valid legal and equitable title to the Defendant Domain Name by virtue of its registration and ownership of the domain name since 1998.

65.     The Defendant Domain Name was stolen from the Plaintiff and no subsequent registrant may acquire valid title to the domain name, whether or not any such registrant purports to be a bone fide purchaser.

66      Through control of the Defendant Domain Name, Defendant Doe has asserted a claim to the Defendant Domain Name that impedes the Plaintiff's ownership and control of the domain name and constitutes a cloud on the Plaintiff's title to the domain name.

67.     The Plaintiff is entitled to a declaration from the Court that it is the lawful owner and registrant of the Defendant Domain Name and that there are no other valid claims against the title to the Defendant Domain Name.

WHEREFORE, The Plaintiff respectfully requests of this court:

I.      Enter an order declaring that Bion Environmental Technologies, Inc. is the only person with any rights to the contracts controlling the Defendant Domain Name; and

II.     That judgment be entered in favor of the Plaintiff on its claims for violation of the Anticybersquating Consumer Protection Act; and

III.    That judgment be entered in favor of the Plaintiff on its claims for tortuous interference with contractual relationship; and

IV.     That judgment be entered in favor of the Plaintiff on its conversion claims; and

V.     That judgment be entered in favor of the Plaintiff on its claims for violation of the Computer Fraud and Abuse Act; and

VI.     That judgment be entered in favor of the Plaintiff on its claims for violation of the Computer Fraud and Abuse Act; and

VII.     That judgment be entered in favor of the Plaintiff on its claims for violation of teh Electronic Communications Privacy Act; and

VIII.     Enter an order declaring that Defendant Doe does not have any rights to the Defendant Domain Name; and

IX.     Enter an order directing that the Defendant Domain Name be promptly transferred to the Plaintiff; and

XI.     Enter an Order directing Verisign to promptly return control of the Defendant Domain Name to Bion Environmental Technologies, Inc. and the registrar as directed by counsel for the Plaintiff; and

XII.     Award the Plaintiff its fees and costs, including reasonable attorney fees, in connection with this action pursuant to 15 U.S.C. § 1117(a); and

XIII.     Award the Plaintiff actual, statutory and/or punitive damages, as well as attorney fees, pursuant to the Electronic Communications Privacy Act; and

XIV.    That the Court grant such other relief to the Plaintiff as the Court deems just and proper.

Dated:

Respectfully submitted,

Bion Environmental Technologies, Inc.
By Counsel

Jonathan Westreich, Esq.                              Stevan Lieberman, Esq.
VSB No. 37393                                         (not admitted in Virginia)
Greenberg & Lieberman, LLC (of counsel)              Greenberg & Lieberman, LLC
604 Cameron Street                                    1775 Eye Street NW, Suite 1150
Alexandria, Virginia 22314                            Washington DC, 20006
703-299-9050 / fax: 765-233-9004                      202-625-7000
jonathan@westreichlaw.com                             stevan@aplegal.com

          and

Jason Schaeffer, Esq.
(Not admitted in Virginia)
ESQwire.com, P.C.
1908 Route 70 East
Cherry Hill, NJ 08003
856-874-9651/fax: 856-874-9182
jason@ESQwire.com

                    Counsel to the Plaintiff

I, *MARK A. Smith*, Verification *PRESIDENT* *General Counsel* of Bion Environmental Technologies, Inc. declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that I am an officer or director of Bion Environmental Technologies, Inc. and that Bion Environmental Technologies, Inc. is the original owner of the Defendant Domain Name <biontech.com> and the facts contained in the foregoing verified complaint are true and correct to the best of my knowledge, information and belief.

*9/10/21*
Date

For Bion Environmental Technologies, Inc.

15